UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Ashley N. Morgan,         No. 24-cv-2465 (KMM/DJF)

    Plaintiff,

v.         **ORDER**

Group Health Plan Inc., *doing business as* Park Nicollet Health Care Products,

    Defendant.

---

This matter is before the Court on Defendant's letter dated January 27, 2025.[1] Def.'s Letter, Dkt. 22. Defendant asks the Court to refer Plaintiff's claim that Defendant violated the automatic stay provision of 11 U.S.C. § 362(k) to the United States Bankruptcy Court for the District of Minnesota. Defendant directs the Court to a decision in another case in this District where United States District Judge Laura M. Provinzino[2] denied a defendant's motion to dismiss, referred an automatic-stay claim to the Bankruptcy Court, and dismissed a supplemental state-law invasion-of-privacy claim without prejudice. *Id.* at 1 (citing *Roasales v. Adir Int'l LLC*, No. 24-cv-3727 (LMP/DTS), Doc. No. 25 (D. Minn. Jan. 22, 2025)). Based on the decision in *Rosales*, Defendant argues that "this matter is also appropriate for referral to the bankruptcy court." *Id.* at 2. Defendant asserts that "it intends

---

[1] Defendant addressed its letter to United States Magistrate Judge Dulce J. Foster, but because the letter discusses dispositive relief that can only be granted by a United States District Judge, the undersigned elects to respond.

[2] Defendant identifies Judge Provinzino in its letter as a United States Magistrate Judge, which is incorrect. Judge Provinzino is a United States District Judge.

1

to make a dispositive motion in this case," but that it does not "want to waste time making that motion to this Court if this Court is going to simply deny the motion and refer the case to the bankruptcy court." *Id.*

Defendant does not specify exactly what relief it intends to request in any dispositive motion. Defendant could mean that it intends to make a motion for judgment on the pleadings, arguing that the allegations in the complaint are insufficient to state a claim for relief. Defendant could mean that it intends to move for summary judgment on Plaintiff's automatic-stay claim, her invasion-of-privacy claim, or both. Or it could mean that Defendant intends to ask the Court to refer the matter to the bankruptcy court, decline to exercise supplemental jurisdiction over the state claim, and dismiss the state claim without prejudice just as Judge Provinzino did in *Rosales*. In any event, the Court will not refer this case to the Bankruptcy Court (or grant any other relief that it may intend to request through a dispositive motion) based on Defendant's letter alone. Nor will the Court offer an advisory opinion about what it might do if Defendant files a motion for unspecified dispositive relief. And the Court finds that it will waste neither judicial nor party resources for Defendant to clearly indicate the relief that it seeks through a motion accompanied by reasoned legal argument, along with an opportunity for Plaintiff to be heard. That is the essence of the adversary system.

Based on Defendant's letter and the entire record in this proceeding, the Court issues the following ORDER. If Defendant wants the Court to issue a ruling referring the claim under 11 U.S.C. §362(k) to the Bankruptcy Court, it must make a motion requesting that

relief.[3] If Defendant intends to seek such relief, Defendant shall make such a motion within twenty-one days of the date of this Order. Briefing on such a motion shall follow the deadlines applicable to dispositive motions under the District's Local Rules. D. Minn. LR 7.1(c). If Defendant files such a motion, after the briefing is complete, the Court will take the matter under advisement and issue a written decision without oral argument, unless the Court determines that a hearing is necessary. Nothing in this Order precludes the parties from reaching an agreement and filing a stipulation on the issues Defendant has raised in its letter.

    **IT IS SO ORDERED**.

Date: January 28, 2025　　　　　　　　　　　*s/Katherine Menendez*
　　　　　　　　　　　　　　　　　　　　　　Katherine Menendez
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[3] If Defendant also believes that it is entitled to judgment on the pleadings or summary judgment, the Court prefers to address a motion seeking referral of the automatic-stay claim to the Bankruptcy Court independently and prior to considering any motion regarding the merits of Plaintiff's claims.