UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Ashley N. Morgan, | No. 24-cv-2465 (KMM/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Group Health Plan Inc., *doing business as* Park Nicollet Health Care Products, | |
| Defendant. | |

This matter is before the Court on Defendant's Motion to Dismiss or, Alternatively, to Refer Claim to Bankruptcy Court. ECF No. 24. Although this request was originally made informally, it has now been the subject of full briefing by the parties. ECF Nos. 22, 27, 31, 33. As explained below, Defendant's motion is granted.

In her Complaint, Ashley Morgan alleges that Group Health Plan, Inc. ("Group Health"), attempted to collect a debt from her after she filed for bankruptcy, thereby violating the automatic stay provision of 11 U.S.C. § 362. She also claims that Group Health's attempted debt collection constituted the tort of invasion of privacy in violation of state law. ECF No. 1. Group Health argues that the bankruptcy-stay claim should be referred to the Bankruptcy Court pursuant to 11 U.S.C. § 157 and Local Rule of the Bankruptcy Court for the District of Minnesota 1070-1. Group Health argues that the Court should also decline to exercise supplemental jurisdiction over the state-law claim and dismiss it without prejudice.

Ms. Morgan acknowledges that the Court can grant the relief sought, but suggests it should not. Ms. Morgan points out that this case is well underway and notes that Group Health waited many months from the start of the case to seek transfer. She also argues that the matter may end up returning to District Court down the road, either for a jury trial or through appeal from a substantive ruling of the Bankruptcy Court, so it would be more efficient to keep the case in this Court throughout the proceedings. While Ms. Morgan raises thoughtful arguments against referral, the Court concludes that Group Health's motion should be granted.

This same issue arose very recently in *Rosales v. Adir International LLC*, 24-CV-3727 (LMP/DTS), 2025 WL 266775 (D. Minn. Jan. 22, 2025).[1] In *Rosales*, United States District Judge Laura M. Provinzino engaged in thorough and careful examination of the applicable law and the relevant factors weighing in favor of and against the requested transfer in that case. Judge Provinzino concluded that referral to the Bankruptcy Court of the § 362 claim and dismissal of the state-law privacy claim were the proper outcome. The *Rosales* decision traced the issue through previous decisions from this district which ordered referral in similar cases, observing that violations of the automatic stay provisions are "considered to be core proceedings under the Bankruptcy Code," and therefore are particularly suited for transfer. *Rosales*, 2025 WL 266775, at *2 (quoting *Nelson v. St Catherine Univ.*, No. 23-cv-2222 (SRN/TNL), 2024 WL 2302334, at *13 (D. Minn. May

---

[1] Indeed, counsel for the plaintiff in *Rosales* also represents Ms. Morgan in this case, and it was the discovery of the *Rosales* decision that led Group Health to file its motion here.

21, 2024)). *Rosales* also thoughtfully distinguished cases, including those cited by Ms. Morgan here, where other judges declined to refer certain matters. The Court agrees in full with the analysis and conclusions of the *Rosales* decision, and for the same reasons stated there, this Court grants Group Health's motion in this case.

One factor differentiating this case from *Rosales* deserves additional discussion. Here, Ms. Morgan argues that the matter should not be referred to the Bankruptcy Court because many months have passed since the litigation began, and Group Health is only now seeking referral. Remand Memo, ECF No. 27. The Court agrees that Group Health would have been better advised to seek referral much earlier in this case and is not persuaded that the delay should be entirely disregarded simply because Group Health was only recently alerted to this course of action by the issuance of the decision in *Rosales*. But even though Group Health could have acted more quickly, Ms. Morgan does not explain how any delay makes it inappropriate to refer this case to the Bankruptcy Court. Ms. Morgan identifies no prejudice she will suffer by a late-stage referral or how such a referral will cause unnecessary duplication of effort. Nor does she contend that a referral now will meaningfully alter the settled expectations of the case. Though discovery has been underway for several months, neither side contends that the information exchanged cannot be used in the Bankruptcy Court, and presumably it can. Absent a showing of harm or prejudice from the delay, the Court concludes that the passage of time does not make it unwise to refer this matter to the Bankruptcy Court.

Because the Court refers the stay-violation claim to the Bankruptcy Court, the only remaining claim is Ms. Morgan's state-law invasion-of-privacy claim. That claim is a part

of this suit under the Court's supplemental jurisdiction. 28 U.S.C. § 1367(a). And now that no federal claim remains, the Court declines to exercise supplemental jurisdiction over the invasion-of-privacy claim and dismisses it without prejudice. 28 U.S.C. § 1367(c)(3); *Rosales*, 2025 WL 266775, at *3.

The Court, therefore, Orders as follows:

1. Group Health's Motion to Dismiss or, Alternatively, to Refer Claim to Bankruptcy Court [ECF No. 24] is hereby **GRANTED**;

2. Count One of Ms. Morgan's Complaint is **REFERRED** to the Bankruptcy Court, and the Clerk of Court shall arrange the referral; and

3. Count Two of Ms. Morgan's Complaint is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: April 10, 2025            *s/Katherine Menendez*
                                Katherine Menendez
                                United States District Court

4